JAMES W. SINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71420. Promulgated February 28, 1935.

*Henry H. Furth, Esq.*, for the petitioner.
*C. A. Ray, Esq.*, for the respondent.

178

OPINION.

McMahon: The respondent contends that the alleged sale and purchase herein were not bona fide; that, in fact, there was no sale or purchase, but, if the Board should find there was a sale, then, in substance, the petitioner was the purchaser of the stock instead of his wife; that consequently there was a reacquirement by him within 30 days of substantially identical property; and that, therefore, any loss resulting is not deductible under section 118 of the Revenue Act of 1928.[1]

The petitioner testified that he did not sell the stocks directly to his wife, but instructed the broker to sell them for his account and to buy the same number of shares of the same kind of stock for his wife's account because the brokerage house had informed him that such was the proper procedure to establish a deductible loss; that his only purpose was "not to evade taxes but to reduce the taxes and establish my loss"; that he had no other purpose "except we thought there was a chance, by holding the stock the stock would come back."

Q. You say "we thought holding the stock"?
A. Well, my wife holding the stock.

In *Mrs. Niels (Mellie) Esperson, Executrix*, 13 B. T. A. 596, the Board stated:

* * * Since the transaction was made for the avowed purpose of reducing taxation and apparently would not have been consummated otherwise at this time, *every requirement* of a sale must be met. * * * [Emphasis supplied.]

The petitioner testified that his wife happened to buy on the same date he sold "Simply because I told her there was quite a loss in that stock and she urged me to hold the stock because she thought it would come back."

---

[1] In the case of any loss claimed to have been sustained in any sale or other disposition of shares of stock or securities where it appears that within thirty days before or after the date of such sale or other disposition the taxpayer has acquired (otherwise than by bequest or inheritance) or has entered into a contract or option to acquire substantially identical property, and the property so acquired is held by the taxpayer for any period after such sale or other disposition, no deduction for the loss shall be allowed under section 23 (e)(2) of this title; nor shall such deduction be allowed under section 23 (f) unless the claim is made by a corporation, a dealer in stocks or securities, and with respect to a transaction made in the ordinary course of its business. If such acquisition or the contract or option to acquire is to the extent of part only of substantially identical property, then only a proportionate part of the loss shall be disallowed.

The petitioner testified further that his wife—

\* \* \* had funds that she had deposited with me back in, I think it was 1912 or 1913. She had on deposit with the Singer Brothers Cloak Company, which we can give you a memorandum of, and then she received money from her father's estate and she received some Endicott-Johnson Shoe Company stock and then from time to time she received funds. She received stock in the Bank of Commerce at one time, which we have records of. We can show you records of her having had stock in the Bank of Commerce, and she had United States Steel Company stock formerly.

Notwithstanding that he explicitly stated in the return for 1930 that it was not a joint return, he further testified that the return for 1930 filed by him was, in fact, a joint return, and that his wife's income was included therein, but he was unable to state how much of the income reported in the return was a part of his wife's separate property except that she received $56 each year from her Endicott-Johnson stock.

The record does not disclose that the petitioner, in instructing the broker to buy for his wife's account, was acting as her agent. The record merely discloses that she urged the petitioner to hold the stock. There is no evidence that petitioner's wife intended to purchase the stock for herself, or that the stock was delivered to her as the purchaser and owner thereof. The petitioner testified that the 16 shares of Endicott-Johnson stock standing in the name of his wife, and all other shares in his wife's name, were endorsed in blank by her. All of them were apparently kept, together with petitioner's papers, in the safety deposit box of the Annette Realty Co. That she had access to such box is not controlling in view of the lack of any evidence showing that she ever exercised that right, took any independent action in the entire transaction, or exercised any dominion whatever over the stock purported to have been purchased by her. While she had some property, the record does not disclose even the approximate value thereof in 1930. However, the record does disclose that, except for the deposit made by petitioner to the joint account, she would not have been able to pay for the stock. The petitioner's testimony discloses that the purported purchase by his wife was made out of the joint checking account, but it does not appear that she personally signed the check made payable to Walker & Co., or any other check drawn on such account. The record discloses that petitioner delivered the stock to the broker to be sold and repurchased, and after the repurchase, it was merely endorsed by his wife and thus was under his control at all times.

This proceeding is controlled in principle by *Joseph Blumenthal*, 30 B. T. A. 125, and cases cited therein; and *D. A. Belden*, 30 B. T. A. 601. The Board held therein that purported sales under somewhat

similar circumstances did not result in deductible losses under the revenue laws. See also *W. E. Brochon*, 30 B. T. A. 404.

In view of the conclusion which we have reached, it is unnecessary to consider any other contention of the respondent; and this disposes of the contentions urged by the petitioner.

The action of the respondent in disallowing the claimed loss of $13,163.91 is, therefore, approved.

*Decision will be entered for the respondent.*